IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAWRENCE LEE ADAMS, ID # 870917, ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> NATHANIEL QUARTERMAN, Director, ) <br> Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br> Respondent. ) | No. 3:07-CV-2026-P (BH) <br> ECF <br> Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County, aggravated sexual assault conviction in Cause No. W 98-48043.[1] Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

Petitioner is in custody pursuant to a conviction and judgment out of the 291st Judicial District Court of Dallas County, Texas, in Cause No. F98-40843-RU. He was convicted of aggravated sexual assault of a child and sentenced to twenty years incarceration on April 12, 1999.

---

[1] Though the petition also appears to attempt to raise non-habeas, civil claims, the Court declines to construe this action as a non-habeas civil action for the reasons set forth herein.

In the instant petition, Petitioner alleges that he was illegally arrested, tried in a "Kangaroo court," denied a speedy trial by a jury, and given an illegal sentence. He also raises numerous other conclusory allegations. He specifically contends that he has filed no previous federal habeas petition that challenges the same conviction challenged in this action.

Notwithstanding his contentions, Petitioner has challenged his 1999 aggravated sexual assault conviction twice before in federal court by way of a § 2254 petition. The Court takes judicial notice of Petitioner's prior federal habeas action filed in 2001 in Civil Action No. 3:01-CV-484-L, wherein Petitioner challenged that conviction. The Court denied that petition on the merits on December 18, 2001. The United States Court of Appeals for the Fifth Circuit denied a certificate of appealability on May 28, 2002, and the United States Supreme Court denied Petitioner's petition for writ of certiorari on May 13, 2003. The Court also takes judicial notice of Petitioner's prior federal habeas action filed in November 2004, where he challenged the same 1999 conviction. The Court dismissed that petition for lack of jurisdiction because it found it successive to the 2001 petition. On February 1, 2005, the United States Court of Appeals denied Petitioner's request for authorization to filed a successive petition.

Because Petitioner has filed previous federal petitions to challenge his aggravated sexual assault conviction, the Court must determine whether the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II. SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, "a later petition is successive when it: 1)

2

raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[2] A petition that is literally second or successive, however, is not a second or successive application for purposes of AEDPA if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 523 U.S. at 645.

In this case, Petitioner's previous petitions were not dismissed because of any prematurity or lack of exhaustion. Under *Orozco-Ramirez* and *Crone*, Petitioner therefore was required to present all available claims in his first federal petition:

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas

---

[2] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

3

> Petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Petitioner has challenged his aggravated sexual assault conviction in two prior federal petitions. Herein, he challenges the same conviction and asserts grounds for relief that were or could have been raised in his prior petition. Because the instant petition raises claims that Petitioner raised or could have raised in his first petition, the petition is successive within the meaning of 28 U.S.C. § 2244(b).

When a petition is second or successive, the Petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

4

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. In fact, the Fifth Circuit has previously denied Petitioner leave to file a successive habeas petition.

Although it is appropriate for the Court to dismiss the instant successive § 2254 petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it is also appropriate in some circumstances to transfer the successive petition to the Fifth Circuit for a determination of whether Petitioner should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers). In this instance, a dismissal without prejudice appears most appropriate. This Court has already informed Petitioner that he must seek leave from the Fifth Circuit to file a second or successive petition. The Fifth Circuit, furthermore, has previously denied Petitioner authorization to file a successive petition. By filing this successive petition for writ of habeas corpus without first obtaining leave from the Fifth Circuit, Petitioner has abused the judicial process. In addition, Petitioner showed a lack of candor to the Court, and abused the judicial process by affirmatively stating that he had filed no prior federal habeas petition to challenge his 1999 aggravated sexual assault conviction when he had twice before challenged that conviction in federal court. He has further abused the judicial process by filing this petition to challenge a 1999 conviction based upon facts that were or should have been discovered long ago.[3]

---

[3] A one-year statute of limitations applies to the instant petition. Although there is ample reason to believe the instant petition is not timely, the Court may not consider the timeliness of a successive petition without the requisite preapproval of the Fifth Circuit Court of Appeals. Because the Fifth Circuit Court of Appeals has specifically denied Petitioner authorization to file a second or successive petition, this Court has no jurisdiction to consider petitioner's habeas claims. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

Because the petition sought to be filed in this action is successive, and because the Fifth Circuit has not granted Petitioner authorization to file a successive petition, the Court should dismiss the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals.

### III. CIVIL RIGHTS ALLEGATIONS

Petitioner appears to raise various civil rights claims in the instant petition for writ of habeas corpus. Although a petition raising civil claims may be construed as a non-habeas civil action, Petitioner has not paid the requisite $350 filing fee for such an action, but instead proceeds *in forma pauperis* in this habeas action. Pursuant to 28 U.S.C. § 1915(g), commonly known as the "three strikes" provision, a prisoner is barred from proceeding *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Petitioner has accumulated at least three strikes under § 1915(g). *See Adams v. Treon*, No. 7:02-CV-205 (N.D. Tex.) (dismissed for failure to state a claim - May 3, 2004); *Adams v. Treon*, No. 04-10640 (5th Cir.) (dismissed as frivolous - Mandate issued Jan. 10, 2005); *Adams v. Dallas County Jail*, No. 3:99-CV-2575 (N.D. Tex.) (dismissed as frivolous - June 21, 2000); *Adams v. Abbott*, No. 7:07-CV-025 (N.D. Tex.) (dismissed as barred by the three strikes provision of § 1915(g)); *Adams v. Horton*, No. 7:05-CV-177 (N.D. Tex.) (same). Based on the application of § 1915(g), the Court declines to construe any part of this action as any type of non-habeas civil action. Petitioner cannot avoid the three-strikes provision by raising civil claims in a habeas action.

6

## IV. SANCTIONS

As noted above, Petitioner has filed two prior federal habeas actions relating to his 1999 aggravated sexual assault conviction which he challenges herein. He has accumulated three strikes in the civil context, and attempted to circumvent the three strikes provision by raising civil claims in the instant habeas context. He has also materially misstated the facts regarding his litigation history. The Court thus considers the propriety of sanctions.

The federal courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

In view of Petitioner's litigation history and his lack of candor in this case, the Court deems it appropriate to admonish or warn him that sanctions may be imposed, if he makes further misstatements of fact to the Court or files another successive habeas petition without first obtaining authorization from the Fifth Circuit. Should Petitioner persist with his legal maneuvering, he should be monetarily sanctioned and barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Court **DISMISS** the instant action without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals. The Court should also **WARN** Petitioner that, if he makes further misstatements of fact to the Court or files another successive habeas petition without first obtaining leave from the Fifth Circuit, he will be subject to sanctions, up to and including monetary sanctions payable to the Court and being barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

**SIGNED this 26th day of January, 2008.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE